John M. Khon o Stella Mae Campbell y José N. Quiñones, demandantes y apelados, *v.* Francisco Martínez Marrero, demandado y apelante.

No. 4644.—*Sometido:* Julio 21, 1929. *Resuelto:* Julio 26, 1929.

*E. Campillo,* abogado del apelante; *L. Muñoz Morales* y *José N. Qui-
ñones,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

La parte demandante reclamó como suya cierta parcela de
terreno que posee el demandado y la corte dictó sentencia a
su favor. El demandado apeló y señala la comisión de nueve
errores.

Prescindiremos del estudio del primero porque no se
argumenta en el alegato.

El segundo se refiere a la no admisión de cierta escri-
tura presentada por el demandado por no hallarse inscrita
en el registro de la propiedad. La corte la dió por presen-
tada y al resolver finalmente el pleito negó su admisión basán-
dose en la indicada circunstancia, en el artículo 389 de la Ley
Hipotecaria y en el caso de *Alvarez* v. *Sucesión Chavier,* 13
D.P.R. 73.

En el caso citado, esta corte, por medio de su juez aso-
ciado Señor MacLeary, se expresó así:

"El artículo 389 de la Ley Hipotecaria a la letra dice así:
" 'Desde que empiece a regir esta ley no se admitirá en los juz-
gados y tribunales ordinarios y especiales, en los consejos y en las

oficinas de Gobierno, ningún documento o escritura de que no se haya tomado razón en el registro, por el cual se constituyeren, transmitieren, reconocieren, modificaren o extinguieren derechos sujetos a inscripción, según la misma ley, si el objeto de la presentación fuese hacer efectivo, en perjuicio de tercero, el derecho que debió ser inscrito.

'' 'No obstante, lo dispuesto en el párrafo anterior, podrá admitirse, en perjuicio de tercero, el documento no inscrito y que debió serlo, si el objeto de la presentación fuese únicamente corroborar otro título posterior que hubiese sido inscrito.

'' 'También podrá admitirse el expresado documento cuando se presente para pedir la declaración de nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción de aquel documento.'

'''Este artículo no es aplicable al presente caso, porque el demandante no ha presentado a la corte ningún documento que había sido admitido en el registro y que debió haber sido rechazado, y además, no aparece que el demandado, con respecto al demandante, debía considerarse como tercero. En el caso de *Pedro Auffant* v. *Raimundo Valdecilla y otros,* resuelto el 24 de julio de 1900, esta corte dice:

'' 'Según la doctrina de las sentencias del Tribunal Supremo de Madrid de diez y siete de mayo y doce de diciembre de mil ochocientos noventa y ocho, los terceros a que se refieren los artículos 23, 25 y 27 de la Ley Hipotecaria con únicamente aquellos que sobre las fincas o derechos que son objeto del litigio tienen inscritos con anterioridad sus respectivos títulos, y que la prescripción del artículo 389 de la propia ley, según la cual deben rechazarse en juicio los títulos sujetos a inscripción no inscritos, se limita o contrae a los que perjudiquen a tercero en el sentido que tiene esta palabra dentro de nuestro sistema hipotecario.'

"De acuerdo con esta doctrina es claro que el demandado no puede considerarse como tercero hasta que no haya sido probado a satisfacción de la corte que él tiene inscrito en el registro de la propiedad algún título real sobre los bienes de que se trata. No aparece en el récord en cuanto a este particular ninguna prueba que esté encaminada a sostener este punto.''

Después de una cuidadosa consideración creemos que el error alegado no existe. Parece conveniente transcribir el razonamiento de la parte apelada para sostener esa conclusión. Es así:

"Si el demandado efectivamente está poseyendo el terreno a que este título se refiere no tenía para qué presentarlo en la corte, porque no es ése el terreno que la demandante reclama: si el demandado está efectivamente ocupando la parcela que el demandante reclama y comprendida dentro del título de éste, entonces no podía tampoco presentar ese título para contradecir o impugnar el título del demandante, porque se opone a ello el precepto terminante del artículo 389 de la Ley Hipotecaria cuyo texto es claro y terminante, sin que sea aplicable la jurisprudencia que para sostener su posición cita el demandado.

"Por otra parte, la prueba ha demostrado que esas 8 cuerdas de terreno que el demandado compró a Santiago Acevedo en el año 1909 son las mismas que incluyó en el expediente de dominio de las 23 cuerdas tramitado en el año 1910, y que luego fueron objeto de trasmisiones sucesivas hasta llegar a poder de los demandantes, según consta de las inscripciones verificadas en el Registro de la Propiedad.

"La cuestión concreta que se ha planteado en este caso es, si las siete cuerdas de terreno que está poseyendo el demandado, están o no comprendidas dentro de la finca cuyo título ostenta el demandante. Y esta cuestión concreta ha sido hábilmente eludida por el demandado a pesar de la prueba abrumadora que sostiene la posición del demandante."

■ Los errores tercero y cuarto carecen de mérito. Los expedientes sobre interdictos para recobrar la posesión iniciados por los anteriores dueños de la finca que el demandado trató de introducir como prueba, eran inadmisibles porque dichos procedimientos no resuelven la cuestión de propiedad, limitándose al hecho de la posesión.

■ El quinto error no tiene importancia. Aunque la corte se hubiera equivocado al fijar la fecha de 1924 como la en que el demandado se posesionó del terreno en cuestión, tal circunstancia no alteraría la sentencia dictada. Siempre resultaría que el demandado después de haber vendido en 1919 a Thyboe la finca de treinta y una cuerdas y después de hallarse Thyboe en posesión de todo el terreno, se apoderó ilegalmente de la porción de dicha finca que aún detenta y que es objeto de este pleito.

■ El sexto error fué cometido. En su relación del caso y opinión la corte sentenciadora sostiene que no existe

más prueba en relación con los frutos producidos por la parcela en cuestión y percibidos por el demandado, que la propia declaración de éste, y así es en efecto. Y si examinamos esa declaración veremos que los $207 a que ascendió el valor del azúcar cosechado, correspondieron a los años 1925 y 1926, habiendo declarado el demandado que en el 1927, fecha en que se celebró el juicio y en que los actuales demandantes compraron la finca, nada produjo la parcela. Siendo ello así, nada, por concepto de frutos, pudo ordenarse que el demandado reintegrara a los demandantes.

El octavo error no se argumenta. Y el séptimo y el noveno se refieren a la apreciación de la prueba.

A nuestro juicio no puede alegarse con éxito que la sentencia no esté sostenida por la prueba. Fué el propio demandado el que agrupando varias porciones de terreno que había adquirido acreditó su dominio e inscribió a su nombre en el registro las treinta y una cuerdas que vendió en 1919 a Albert H. Thyboe. De ellas Thyboe vendió cinco a Maximina, hija del demandado, y las restantes fueron adquiridas por adjudicación en pública subasta por Ernest Richardson, quien las vendió en 1925 a John M. Khon que a su vez las traspasó a sus actuales dueños los demandantes por escritura pública otorgada el 28 de abril de 1927.

La evidencia aportada para demostrar que dentro de esas veintiséis o veintisiete cuerdas que pertenecen a los demandantes están incluídas las siete u ocho que posee el demandado fué variada, concreta y abundante.

La persistencia y el vigor con que el demandado viene sosteniendo su alegado derecho desde hace años en repetidos pleitos, impresiona en verdad, pero cuando se llegó a éste de reivindicación en que se fué a la raíz del título de la parte demandante y a la realidad de los hechos, el derecho superior del actor quedó establecido. Así lo reconoció una corte de justicia cuyo fallo atacado en apelación ha resistido y queda en pie como la decisión final que debe ser acatada.

*Debe confirmarse la sentencia recurrida, excepto en cuanto*

*condena al demandado a pagar a los demandantes $207 por frutos y productos.*